JAMES LITCHFIELD V. ADELBERT G. RIPLEY AND FRANK
RIPLEY.

*Deed—Identity of parties—Submission to jury.*

The question involved in this case was one of fact, as to who was the grantee named and intended in the patent under which both parties claim title, and the court submitted the facts to the jury to find which Indian woman made the selection, and for whom the patent issued was intended, who found for the defendants, as it is held they were fully warranted in doing under the testimony.

Error to Emmet.   (Ramsdell, J.)   Argued January 15, 1889.   Decided January 25, 1889.

Ejectment.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*H. H. Hoyt,* for appellant.

*M. W. George,* for defendants.

CHAMPLIN, J.   Litchfield brought ejectment to recover possession of the E. ½ of the S. W. ¼ section 26, in township 35 N., range 5 W., which premises he claimed in fee.

Upon the trial he introduced a record of a patent from the United States to Susan O-maw-naw-maw-ne, bearing date August 19, 1875, and recorded in the office of the register of deeds for Emmet county, Mich., October 2, 1877, in Liber F of Deeds, at page 259, conveying the land above described to her.    This patent purports to have been issued in conformity with the provisions of the treaty concluded with the Ottawa and Chippewa tribes of Indians, July 31, 1855, under selections made and certified ·March 22, 1875, in accordance with an act of Congress approved March 3, 1875.  ˙Plaintiff then introduced a record of a deed purporting to have been made by Susan O-maw-naw-maw-ne to Herbert H. Hoyt, dated August 24, 1882, and recorded September 6, 1882, in Liber P of Deeds, at page 38, conveying the land in question; and next a record of a deed made by Herbert H. Hoyt and wife to James Litchfield, the plaintiff in this case, dated January 5, 1883, and recorded January 8, 1883, in Liber P of Deeds, at page ˌ109, conveying the same land.

The defendants also claim title in fee to the land in controversy, and they introduced in evidence the original patent above described from the United States to Susan O-maw-naw-maw-ne.    They also introduced testimony tending to show that the land in question was selected for her under said treaty, and that the patent was delivered to her personally by ˑthe Indian agent, and that she placed it upon record; that she married Isaac Sha-na-na-quet, and March 18, 1878, conveyed the premises in question to defendants by warranty deed, which was recorded March 27, 1878, in the office of the register of deeds of Emmet county, in Liber G of deeds, at page 286; and that they went into possession of the premises soon thereafter, and have made valuable improvements thereon.

Defendants also introduced testimony tending to show that their grantor was the person named as grantee in the patent from the United States.

Plaintiff then introduced testimony tending to prove that the selection was made by another Susan O-maw-naw-maw-ne, who at the time resided at Whiska Bay, in the Northern Peninsula of Michigan. He did not introduce any evidence tending to prove that any patent was ever delivered to her by the United States.

There is no question of law involved in the case. The question was one of fact, as to who was the grantee named and intended in the patent from the United States. Counsel for plaintiff requested the court to instruct the jury that—

"The uncontradicted testimony of the plaintiff shows that the plaintiff's grantor selected the lands in controversy, and that a patent was issued upon that selection, and the verdict of the jury should be for plaintiff."

This request was rightly refused. The only testimony on this subject given on the part of the plaintiff is that of the witness, Herbert H. Hoyt, who testified as follows:

"I was present in the Northern Peninsula when the Indians were selecting lands, in 1873. Special Indian Agent John J. Knox and Agent George I. Betts were acting for the government. I saw Agent Knox write the name of Susan O-maw-naw-maw-ne against the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ section 26, the land in controversy, as her selection. She was then residing at Whiska Bay, Mich. I know this land was her selection, because I saw the selection made for her. She conveyed the land to me by deed, which is in evidence."

On cross-examination, he testified that he had never seen her before nor since, and that he did not get his conveyance. It will be noticed that this witness does not state that he knew Susan O-maw-naw-maw-ne, nor that he in fact saw such a person at the time he claims

the selection was made. He merely saw the Indian agent write the name opposite the description as her selection. On the other hand, the defendants introduced testimony to show that the selection was made by Susan O-maw-naw-maw-ne, of Cheboygan, to whom the patent was delivered. The court submitted the facts to the jury to find which Indian woman made the selection, and for whom the patent issued was intended, and they found for the defendants, as they were fully warranted in doing upon the testimony.

The judgment must be affirmed, and ·the case will be remitted to the circuit. court for such further proceedings as the parties may desire to take under the statute relative to actions in ejectment.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.